JOURNAL ENTRY AND OPINION
{¶ 1} Sally Prentice (appellant) appeals from the juvenile court's order finding her in contempt of court and taking possession of her case file relating to In re J.S., *Page 4 
Cuyahoga County Juvenile Court Case No. CU 00103839, a child custody case in which she served as the guardian ad litem (GAL). After reviewing the facts of the case and pertinent law, we affirm in part and dismiss in part.
 I {¶ 2} On August 25, 2000, appellant was appointed GAL for the minor, J.S., (d.o.b. 12/01/99) in a child custody case. A settlement between the parents was journalized on October 1, 2004, in which the mother retained custody of J.S. On October 18, 2004, the father filed a motion to modify custody and visitation. Litigation regarding J.S. continued for the next several months, with J.S. continuing to live in Florida with the father, despite the mother having legal custody. Appellant played an active role as the GAL in the ongoing battle. On February 13, 2006 and April 25, 2006, the court ordered the parties to pay appellant $5,000 for GAL services incurred since July 30, 2004. In July and August 2006, the mother filed motions to disqualify appellant as the GAL and appoint an attorney for J.S., alleging that appellant failed to inform the court that she was removed from the list of court-approved GALs because she was not current with Ohio's GAL requirements, and that appellant exhibited prejudice against the mother and in favor of the father, which jeopardized appellant's duty to act in the child's best interest.
 {¶ 3} On November 2, 2006, the court granted the mother's motion to remove appellant as the GAL for the reasons alleged, in addition to conducting a fraud upon the court. The court ordered appellant to return the $5,000 for services rendered to *Page 5 
the parties, barred appellant from any future litigation involving the case, and ordered that appellant store her case file in a fireproof manner so the parties may have access to it for future litigation. The court also noted that appellant had to submit affidavits to the court that these conditions had been met by a certain date. On February 16, 2007, the court extended this compliance date to March 16, 2007.
 {¶ 4} On April 2, 2007, the court found that appellant had not complied with the previous court orders. On May 16, 2007, after a hearing, the court found appellant in contempt of court, and sentenced her to 20 days in jail. However, the court suspended the sentence pending the following purge conditions: 1) relinquish the case file to the clerk of courts; 2) pay $500 per month toward the $5,000 owed to the parties; and 3) pay court costs associated with the contempt proceedings. On May 29, 2007, the court acknowledged receipt of appellant's case file.
 II {¶ 5} In her first assignment of error, appellant argues that "the trial court lacked subject matter jurisdiction to control and confiscate the guardian ad litem's file and subject matter jurisdiction cannot be conferred by the actions or inactions of the parties."
 {¶ 6} We first discuss final appealable orders as related to the instant case. Pursuant to App.R. 4(A), a "party shall file the notice of appeal * * * within thirty days of the * * * judgment or order appealed * * *." *Page 6 
 {¶ 7} Appellant perfected the instant appeal on June 15, 2007. Therefore, this appeal is timely as to the May 16, 2007 finding of contempt and the May 29, 2007 acknowledgment of receipt of case file. The November 2, 2006 order discharging appellant from her GAL duties and ordering her to return the money and case file is not properly before this court, and we lack jurisdiction to address it for error.
 {¶ 8} We note that appellant originally appealed the November 2, 2006 order in a timely fashion; however, on March 2, 2007, we dismissed that appeal for failure to file the record. See In re Prentice (Mar. 2, 2007), Cuyahoga App. No. 88976.
 {¶ 9} In addition, on November 27, 2006, appellant filed a writ of prohibition asking this court to prevent the juvenile court from exercising jurisdiction over her to enforce orders in J.S.'s case subsequent to the order discharging her from GAL duties. On February 2, 2007, we denied appellant's writ, holding that the court had jurisdiction to proceed with a contempt action against her.
 "In this matter, we find that Prentice failed to demonstrate that Judge Ramsey is patently and unambiguously without jurisdiction to proceed with a contempt action.
 * * *
 "In contempt actions, a juvenile court has the same jurisdiction as courts of common pleas. See R.C. 2151.21. Moreover, prohibition does not lie to prevent a court from exercising its jurisdiction to conduct contempt proceedings when there is an adequate remedy at law. Appeal of an order of contempt, or flaws in the finding thereof, is an adequate remedy at law and thus will prevent *Page 7 issuance of a writ. In this matter, Prentice may appeal any such finding of contempt and subsequent sentence, and file a motion for stay as provided for in the appellate rules to prevent execution of that sentence."
 Id. at ¶¶ 9-10 (internal citations omitted).
 {¶ 10} Finally, we note that by relinquishing the case file under the trial court's May 16, 2007 order, appellant purged that portion of the contempt order, thus rendering it moot. It was made clear to appellant that if she chose to appeal the contempt order, she should also file a motion for stay of execution of judgment. This she did not do. SeeDavis v. Lewis (Dec. 12, 2000), Franklin App. No. 99AP-814.
 {¶ 11} In conclusion, the juvenile court had subject matter jurisdiction to enforce its contempt order. However, appellant's first assignment of error, which relates to relinquishing the case file, is moot because appellant purged her contempt on this matter.
 III {¶ 12} In her second assignment of error, appellant argues that "the trial court lacked subject matter jurisdiction to order the guardian ad litem to refund her fees and it was an abuse of discretion to order her to refund all fees paid." Additionally in her fifth assignment of error, appellant argues that "the trial court abused its discretion in ruling that the guardian ad litem was not qualified to continue in that role after being removed from the appointment list." *Page 8 
 {¶ 13} These assignments of error are based on the court's November 2, 2006 order discharging appellant as GAL and requiring her to return the $5,000 to the parties. As we determined that we are without jurisdiction to hear assignments of error relating to court orders other than the May 16 and May 29, 2007 journal entries, we must dismiss appellant's second and fifth assignments of error.
 IV {¶ 14} In her third assignment of error, appellant argues that "it is beyond the scope of the jurisdiction of the court to institute disciplinary proceedings against an attorney." Specifically, appellant argues that the court was without authority to state in its February 16, 2007 order that failure to comply with court orders may result in disciplinary proceedings through the Ohio Supreme Court.
 {¶ 15} Appellant cites no law to support her position. Further, the juvenile court did not impose disciplinary proceedings; rather, it noted that appellant's continued failure to comply may result in disciplinary proceedings. We cannot rule on an event that has not yet taken place, and we will not indulge in advisory opinions. See State v.Stambaugh (1987), 34 Ohio St.3d 34, 38 (holding that "for a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties"); Texas v. United States (1998), 523 U.S. 296, 300 (holding that a claim *Page 9 
is not ripe if it rests upon "future events that may not occur as anticipated, or may not occur at all"). Appellant's third assignment of error is overruled.
 V {¶ 16} In her fourth assignment of error, appellant argues that "the trial court abused its discretion when it violated appellant's privileges and abused its discretion when it transgressed the requirements of R.C. 149.43." Specifically, appellant argues that the court abused its discretion in ordering her to relinquish her case files.
 {¶ 17} As stated in our analysis of appellant's first assignment of error, all arguments related to appellant relinquishing her case file are moot because appellant purged the contempt order in relation to this issue.
Judgment affirmed in part and appeal dismissed in part.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MELODY J. STEWART, J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY *Page 1